1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  NATIONAL CORPORATE TAX CREDIT    )    No. CV 07-3528 PSG (FMOx)
    FUNDS III, <u>et al.</u>,                 )
12                    Plaintiffs,    )
                                     )
13          v.                       )    **ORDER RE: DISCOVERY MOTION**
                                     )
14  BRIAN POTASHNIK, <u>et al.</u>,         )
                                     )
15                                   )
                    Defendants.      )
16  _____ )

17          The court has reviewed and considered all the briefing filed with respect to the plaintiff's

18  Motion to Compel Discovery ("Motion" or "Joint Stip."), and concludes that oral argument is not

19  necessary to resolve this matter.  <u>See</u> Fed. R. Civ. P. 78; Local Rule 7-15; <u>Willis v. Pac. Mar.</u>

20  <u>Ass'n</u>, 244 F.3d 675, 684 n. 2 (9th Cir. 2001, <u>as amended</u> Mar. 27, 2001).

21          This Motion concerns plaintiffs' First Sets of Interrogatories and Requests for Production

22  of Documents as well as plaintiffs' notices of deposition, which set depositions of defendants and

23  various witnesses in March 2008.  (<u>See</u> Joint Stip. at 1).  There is no dispute that defendants

24  never objected to the discovery or deposition notices or obtained a stay prior to the date set for

25  responding to the subject discovery requests or deposition notices.  (<u>Id.</u> at 1-2).  In fact,

26  defendants state the following with respect to their obligations to respond to the subject discovery:

27          Defendants have not participated in discovery because it seeks a stay of the

28          lawsuit pending parallel criminal proceedings, and any participation in

discovery would adversely affect Potashnik's Fifth Amendment Right against self-incrimination.

\*       \*       \*

Plaintiffs were advised before discovery responses were due that Defendants had no intent to respond or conduct depositions because of Fifth Amendment concerns; and that Mr. Potashnik's criminal defense counsel instructed defense counsel not to file or serve any discovery responses.

(Joint Stip. at 17-18).

Defendants' response reveals a stark misunderstanding of how discovery proceeds in federal court as well as how the Fifth Amendment (and, for that matter, any privilege) can be properly asserted in federal court.  First, a stay is not in place and that issue is not before this court.  That defendants have sought a stay is insufficient to avoid their discovery obligations.  "[B]y refusing to comply with discovery merely because a motion to stay is pending, a party effectively is granting its own motion to stay – even before the court has ruled.  Such a phenomenon would reduce a court's orders to useless and senseless formalities."  Tinsley v. Kemp, 750 F.Supp. 1001, 1013 (W.D. Mo. 1990); see Hydramar, Inc. v. General Dynamics Corp., 115 F.R.D. 147, 153 (E.D. Pa. 1986) ("[Plaintiff] asserts that it filed a motion to stay discovery . . . and that it wanted this Court to have a chance to rule upon this motion before the scheduled deposition.  A deposition, properly noticed, . . . must be attended, however, unless the deponent obtains a court order relieving it of this obligation.  Thus, [plaintiff's] mere filing of the motion to stay discovery was not sufficient to relieve it of its duty to produce its designee . . . to be deposed."); Garcia v. Alameida, 2006 U.S. Dist. LEXIS 79143, *13-14 (E.D. Cal. 2006) ("Relief from a . . . deposition must be obtained [by] protective order[.]"  "[F]iling a motion  . . . does not work to immediately shield the moving party from the deposition[]"; "the moving party is shielded only if the motion is granted.").[1]

---

[1]  Defendants are hereby advised that, absent a stay of this Order by this court or the District Judge, they must comply with all of its provisions, i.e. the filing of a motion for review of this court's decision is not sufficient to suspend defendants' obligations to comply with the court's order.  A magistrate judge's decisions "should not be considered ineffective, advisory, or nonfinal simply because they may be reviewed by the district court."  Kimbrell v. ADIA, S.A., 834 F.Supp. 1313,

1  Defendants' claim that they "advised [plaintiffs] before discovery responses were due that
2  [they] had no intent to respond or conduct depositions because of Fifth Amendment concerns[,]"[2]
3  (Joint Stip. at 18), is plainly insufficient to invoke properly the Fifth Amendment in federal discovery
4  proceedings.  The Fifth Amendment privilege is a "use it or lose it" proposition; the witness may
5  lose the benefit of the privilege if it is not asserted properly.  See Minnesota v. Murphy, 465 U.S.
6  420, 427-28, 104 S.Ct. 1136, 1142 (1984) ("Witnesses who failed to claim the privilege were once
7  said to have 'waived' it, but we have recently abandoned this 'vague term,' and 'made clear that
8  an individual may lose the benefit of the privilege without making a knowing and intelligent
9  waiver.'") (internal citations omitted); United States v. Kordel, 397 U.S. 1, 9-10, 90 S.Ct. 763, 768
10 (1970) ("[E]ven though the respondents had the burden of showing that the Government's
11 interrogatories were improper, they never even asserted, let alone demonstrated, that there was
12 no authorized person who could answer the interrogatories without the possibility of compulsory
13 self-incrimination.  To the contrary, the record shows that nobody associated with the corporation
14 asserted [the witness's] privilege at all. . . .  [The witness's] failure at any time to assert the
15 constitutional privilege leaves him in no position to complain now that he was compelled to give
16 testimony against himself.) (internal footnotes omitted); Rogers v. United States, 340 U.S. 367,
17 370, 71 S.Ct. 438, 440 (1951) ("If petitioner desired the protection of the privilege against self-
18 incrimination, she was required to claim it.").

19 Blanket invocations of the Fifth Amendment, like any other privilege in discovery, is
20 unacceptable.  See Anglada v. Sprague, 822 F.2d 1035, 1037 (11th Cir. 1987) (per curiam).  The

22 1317 (D. Kan. 1993).  "Decisions by a magistrate judge on nondispositive motions are intended
   to be effective unless overturned by the district judge, just as decisions of a district judge are
23 intended to be effective unless overturned by a circuit court." Id.  "'An order issued by a court
   must be obeyed, even if it later is shown to be erroneous.'" In re Lernout & Hauspie Securities
24 Litigation, 219 F.R.D. 28, 30 (D. Mass. 2003), report and recommendation adopted by 2004 WL
25 3217802 (D. Mass. 2004) (quoting McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d
   121, 124 (2d Cir. 1988)).

26   [2]  The court could not locate any letter or statement under penalty of perjury to support
27 defendants' statement in their portion of the Joint Stip., (see Joint Stip. at 18), that they advised
   plaintiffs of their intent to assert the Fifth Amendment.  (See, generally, Joint Stip. at 16-41,
28 Declaration of Obiamaka P. Okwumabua & supporting exhibits).

1   privilege must be asserted in response to each interrogatory, request for production or other

2   discovery device. See id. This is because the Fifth Amendment privilege can only be asserted

3   "in response to specific questions propounded by the investigating body. This permits the

4   reviewing court to determine whether a responsive answer might lead to injurious disclosures."

5   United States v. Pierce, 561 F.2d 735, 741 (9th Cir. 1977), cert. denied 435 U.S. 923, 98 S.Ct.

6   1486 (1978) ( "Thus a blanket refusal to answer any question is unacceptable."); see also United

7   States v. Drollinger, 80 F.3d 389, 392 (9th Cir. 1996) (per curiam) (Witness "must present himself

8   for questioning, and as to each question elect to raise or not to raise the defense. The District

9   Court may then determine by considering each question whether, in each instance, the claim of

10   self-incrimination is well-founded.") (internal quotation marks and citation omitted). In sum,

11       [w]hen properly claiming the privilege, a party may not simply ignore

12       its discovery obligations. For example, an individual who intends to assert

13       the Fifth Amendment may not refuse to attend the deposition, and a notice

14       of deposition will not be vacated on a claim that the privilege will be asserted.

15       Instead, the party must attend the deposition, answer those questions that

16       are not properly within the scope of the privilege, and claim the privilege as

17       to the specific questions that create a risk of self-incrimination. Similarly, a

18       party facing interrogatories that might address protected matters must claim

19       the Fifth Amendment only in response to those particular questions. In short,

20       there is no such thing, at least not legally, as a blanket claim of the Fifth

21       Amendment.

22   Scheff, Coffina & Baisinger, Taking the Fifth in Civil Litigation, Litigation, Vol. 29, No. 1, at 36

23   (Journal of the Section of Litigation, ABA) (Fall 2002).

24       Under the circumstances, defendants were not substantially justified in refusing to provide

25   responses that properly invoked the Fifth Amendment privilege to plaintiff's discovery requests.

26   Defendants were obligated to answer all the discovery requests and attend the depositions and

27   assert the privilege in response to each discovery request and deposition question. The court will

28   order defendants to respond to all of plaintiffs' discovery requests and make themselves available

1  for all the depositions.  Because the record is, at best, unclear as to whether plaintiffs were put on

2  notice of defendants' assertion of the privilege, (Compare Joint Stip. at 1-2 with id. at 18), the court

3  will not find that defendant Potashnik has waived his Fifth Amendment privilege or his attorney-

4  client privilege or work-product protection.[3]  However, all other objections to the discovery requests

5  are hereby waived.[4]

6       With respect to plaintiffs' sanctions request, plaintiffs request sanctions in the amount of

7  $4,462.  (Joint Stip. at 14-15); (Declaration of Dale J. Giali in Support of Plaintiffs' Motion to

8  Compel Discovery ("Giali Decl.") at ¶ 14).  Rule 37(a)(4) provides that if a party is successful in

9  bringing a motion to compel discovery, "the court must, after giving an opportunity to be heard,

10  require the party . . . whose conduct necessitated the motion, the party or attorney advising that

11  conduct, or both to pay the movant's reasonable expenses incurred in making the motion,

12  including attorneys' fees[,]" unless the opposing party's position was "substantially justified" or

13  "other circumstances make an award of expenses unjust."  The burden is on the losing party to

14  demonstrate that an exception applies.  Schwarzer, Tashima & Wagstaffe, Cal. Practice Guide:

15  Fed. Civ. Pro. Before Trial ¶ 11:2382 (The Rutter Group 2008).

16       Here, defendants did not attempt to establish that their failure to respond at all – i.e., to

17  formally and properly invoke the Fifth Amendment privilege – was substantially justified or that

18  other circumstances make an award unjust.[5]  (See, generally, Joint Stip. at 16-41).  Nor did

19

20       [3] It is well-settled that the corporate defendants in this action are not entitled to assert the Fifth
21  Amendment privilege.  See Korbel, 397 U.S. at 7, 90 S.Ct. at 767; Rogers, 340 U.S. at 371, 71
    S.Ct. at 441 ("the privilege against self-incrimination 'is solely for the benefit of the witness' and
22  'is purely a personal privilege of the witness[]'") (internal citation omitted).  However, Potashnik is
    "not barred from asserting his privilege simply because the corporat[e defendants] ha[ve] no
23  privilege of [their] own[.]"  Kordel, 397 U.S. at 7, 90 S.Ct. at 767.

24       [4] Given defendant Potashnik's utter failure to comply, on the most minimal level, with his
25  discovery obligations, defendant Potashnik should note that, should he invoke the privilege in a
    blanket fashion or in a way that appears excessive, the court may impose on defendant Potashnik
26  the costs (subject to a fee-shifting motion at a later time) of a special master to evaluate his
    assertion of the privilege on a question by question basis.

27

28       [5] The court is somewhat surprised by defendants' failure to address certain arguments or
    points raised by plaintiffs.  For example, defendants never directly addressed any of plaintiffs'

1  defendants object to the amount of time or the reasonableness of the hourly rates charged by

2  plaintiffs' counsel.  Nevertheless, the court has independently reviewed the rates and amount of

3  time and believes they are reasonable.  Accordingly, the court will award sanctions in the amount

4  of $4,462.  Because the need to respond to the subject discovery – even if it was just to properly

5  assert the privilege – should have been obvious to counsel, the court will make defendants and

6  counsel jointly and severally liable for the sanctions.

7  Finally, with respect to defendants' "Reply to Plaintiffs' Supplemental Memorandum in

8  Support of Motion to Compel Discovery" ("Reply"), which is the subject of plaintiffs' Motion to

9  Strike, the court will grant the Motion and strike the Reply.  With respect to discovery motions, the

10  Local Rules only allow Supplemental Memorandums, which must be filed no later than 14 days

11  prior to the hearing date, i.e., no later than June 4, 2008, and may not exceed five pages.  Local

12  Rule 37-2.3.  Here, defendants' Reply is ten pages long and was filed six days before the noticed

13  hearing date.  Moreover, absent court order, the Local Rules do not allow responsive or "reply"

14  memorandums to a party's Local Rule 37-2.3 supplemental memorandum.  Defendants did not

15  seek leave to file such a responsive memorandum.

16  This decision is not intended for publication.

17  Based on the foregoing, IT IS ORDERED THAT:

18  1.  The hearing set for June 18, 2008, is hereby **vacated**.

19  2.  Plaintiffs' Motion to Compel **(Document No. 63)** is **granted**.

20  3.  No later than **June 30, 2008**, defendants shall provide a written response and, if

21  appropriate, responsive documents, under oath, to plaintiffs' interrogatories and document

22  requests (Giali Decl. at Exh. G).  Defendants shall furnish all information available to them and/or

23

24  argument relating to the requested sanctions, nor did they address the basis upon which they
could simply refuse to respond at all to plaintiffs' discovery requests.  Of course, any belated

25  declarations or argument that defendants may seek to present to the District Judge in the first
instance may be found to have been waived.  See 14 Moore's Federal Practice § 72.11[1][a]

26  (Matthew Bender 3d ed., 2007) ("A party's failure to present timely arguments, case law, or
evidentiary materials to a magistrate judge prior to the magistrate's ruling, thereby depriving the

27  magistrate of the opportunity to rectify any alleged errors, waives that party's right to present those
arguments or materials to the district court on appeal from the magistrate's nondispositive order.").

28

under their control.  To the extent defendants claim that all responsive information has been provided or there is a lack of information necessary to provide a complete response, they shall set forth in detail, under oath: (1) the efforts each defendant made to obtain the requested information; and (2) that no further responsive information or documents are available.

4.  No later than **July 25, 2008**, defendants shall produce all deponents set forth in the subject deposition notices on the soonest mutually agreeable dates.

5.  If defendant Potashnik seeks to assert the Fifth Amendment Privilege, he must provide enough information to demonstrate that answering the specific question would subject him to a reasonable possibility of criminal prosecution.[6]  See In re Master Key Litig., 507 F.2d 292, 293 (9th Cir. 1974) ("the right to assert one's privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution[]").  With respect to the corporate defendants, defendants must demonstrate that there is no authorized person, other than defendant Potashnik, who can respond to the discovery requests and/or deposition questions without the possibility of compulsory self-incrimination.  See Kordel, 397 U.S. at 9, 90 S.Ct. at 768 (President and Vice-President of corporation, in response to interrogatories in a civil proceeding, "never even asserted, let alone demonstrated, that there was no authorized person who could answer the interrogatories without the possibility of compulsory self-incrimination.").  If defendant Potashnik is the only authorized person who can respond to the subject discovery, then he must still answer and appear for the depositions and assert the privilege in response to each question that he believes providing an answer to would subject him to a reasonable possibility of criminal prosecution.

6.  With respect to the attorney client privilege or the work product protection, defendant Potashnik, as well all the parties to this action, are hereby put on notice that any privilege objections to discovery requests served after the filing date of this Order that do not include "sufficient information to enable the court to determine whether *each element* of the asserted objection is satisfied[,]" will be overruled.  Fears v. Wal-Mart Stores, Inc., 2000 WL 1679418, at

---

[6]  The court acknowledges that Potashnik has already been indicted.  Therefore, he should provide enough information to demonstrate that answering the question would furnish a link in the chain of evidence against him or otherwise have a tendency to incriminate him.

*4 (D. Kan. 2000) (italics in original); see also Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984) (per curiam), cert. dismissed, 469 U.S. 1199, 105 S.Ct. 983 (1985) (a party's failure to satisfy burden when trial court is asked to rule upon existence of a privilege is not excused even when the document is later shown to be one that would have been privileged had a timely showing been made).  In addition, for any document that is withheld and/or redacted on the basis of the attorney-client privilege and/or work-product protection, the party producing the document shall provide a privilege log no later than ten (10) calendar days after the document is produced.  The privilege log shall comply with Form No. 11:A as set forth in the California Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group 2008).  Any document that contains both protected and responsive information shall be redacted to eliminate any reference to attorney-client matters and/or the work-product protection.

7.  Defendants and their counsel are jointly and severally liable to pay plaintiffs' counsel reasonable attorney's fees in the amount of $4,462.00 to compensate plaintiff's counsel pursuant to Local Rule 37 and Fed. R. Civ. P. 37.  Defendants and/or their counsel shall pay plaintiff's counsel no later than **June 30, 2008**.[7]

8.  Plaintiffs' Motion to Strike **(Document No. 71)** is **granted**.  Defendants' Reply and supporting declarations and exhibits are hereby **stricken** from the record.

9.  The parties are hereby ordered to comply strictly with Local Rule 37 in the event any party believes that it may be necessary to file a discovery motion.  The moving party's counsel shall initiate the meet and confer process required by Local Rule 37 by preparing and serving the letter required by Local Rule 37-1.  The opposing party's counsel or, for that matter, any party that receives a letter pursuant to Local Rule 37-1, must make himself or herself available for a meet and confer (as specified in Local Rule 37) within ten (10) calendar (not business) days of the date of the letter.[8]  All meet and confer letters must be served by fax and U.S. mail on the day the letter

---

[7]  Since defendants' counsel, Friedman & Feiger, signed the Joint Stip., it is that firm that is jointly and severally liable with defendants for the sanctions amount.

[8]  Counsel should note that the court will have out-of-town counsel participate in person for all meet and confers if the court determines that telephonic meet and confers are unproductive.

is dated. The Joint Stipulation must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed discovery request).  In addition, the meet and confers must be transcribed by a court reporter.  If the transcript(s) of the meet and confer(s) do(es) not demonstrate a good faith effort by the parties to resolve each issue and discovery request in dispute, the motion will either be denied or sanctions will be imposed for failure to participate in the meet and confer process in good faith. The costs of the court reporter shall be divided equally between the parties.  The court will not consider any future discovery motions in this matter unless the transcript of the meet and confer is included as part of the joint stipulation papers.

10.  As part of the meet and confer process, the moving party is required to "specify the terms of the discovery order to be sought."  Local Rule 37-1.  Local Rule 37-2.1 implements this requirement by requiring, as part of the Joint Stipulation, that each party "state how it proposed to resolve the dispute over that issue at the conference of counsel."  This must be included in all Joint Stipulations.  To the extent a certain number of discovery requests involve the same issue(s), the parties may group those requests under one section heading and set forth their position with respect to those requests.

Dated this 16th day of June, 2008.

/s/
Fernando M. Olguin
United States Magistrate Judge

9