O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#149 [term: 150/153/154/156]

CIVIL MINUTES - GENERAL

| Case No. | CV 07-3528 PSG (FMOx) | Date | November 19, 2009 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order Denying Defendants' Motion for Leave to Conduct Limited Discovery Out of Time and Motion for Leave to File Motion to Compel Written Discovery

    Pending before the Court are Defendants' Motion for Leave to Conduct Limited Discovery Out of Time and Motion for Leave to File Motion to Compel Written Discovery. The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES Defendants' motions.

I.    Background

    Plaintiffs National Corporate Tax Credit Funds III, IV, VI and VII, and National Corporate Tax Credit, Inc. III, IV, VI and VII (collectively, "Plaintiffs") are California limited partnerships and California corporations that invest in low income multifamily housing. Defendant Brian Potashnik ("Potashnik") is the sole owner and principal of Defendant companies (collectively, "Defendants"). From 1995 to 1998, Plaintiffs entered into multiple partnership agreements with Defendants. However, on March 27, 2006, Plaintiffs sued Defendants for breach of the partnership agreements and related claims. When the parties neared a final settlement, they agreed to dismiss the case without prejudice.

    On May 31, 2007, Plaintiffs re-filed the action when negotiations stalled. The Court set July 28, 2008 as the discovery cut-off date. In March 2008, Plaintiffs noticed depositions for three of the Defendants and served written discovery on all Defendants. Due to a concurrent criminal action pending against Potashnik in Texas federal court, however, Defendants refused

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#149 [term: 150/153/154/156]

CIVIL MINUTES - GENERAL

| Case No. | CV 07-3528 PSG (FMOx) | Date | November 19, 2009 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

to cooperate with discovery on Fifth Amendment grounds. On June 16, 2008, Magistrate Judge Fernando M. Olguin granted Plaintiffs' motion to compel, *see* Dkt. #73, and this Court denied Defendants' objections to the order, *see* Dkt. #84. Despite this court order, Defendants still refused to cooperate with discovery.

In July 2008, the parties again neared settlement, and they stipulated to an extension of the discovery cut-off date from July 28, 2008 to August 28, 2008. The Court ordered this brief extension on July 16, 2008 ("the July 16, 2008 Order" or "the Order"). *See* Dkt. #89. According to the Order,

> The parties will reschedule and re-notice pending and currently noticed depositions to take place after July 28, 2008. Unless it becomes clear that the settlement is not going to be finalized and effectuated, the parties agree not to file any motions regarding discovery or failure to comply with discovery until after July 28, 2008. The parties agree not to serve any requests for further non-expert discovery (whether written or deposition discovery).

*Id.* 2:7-12. As of the date of the Order, Plaintiffs had outstanding depositions and interrogatories, and Defendants had none.

Although the parties were unable to reach a settlement during the 30-day extension, the parties executed a settlement in principle on August 22, 2008. In order to encourage settlement, they stipulated to a four-month stay, and the Court ordered the stay on September 8, 2008 ("the September 8, 2008 Order"). As stipulated by the parties, any future trial schedule "shall reflect the rights and obligations of the parties as of August 1, 2008, and . . . the parties shall be placed, as reasonably as possible, in the same positions vis-à-vis each other and the Court with respect to rights, obligations and Court orders, as existed on August 1, 2008." Dkt. #94. Thus, if the parties could not settle, they would still be bound by the Court's July 16, 2008 Order barring new discovery requests.

When the parties were again unable to settle, the Court set a new discovery cut-off date of March 6, 2009. On January 30, 2009, Defendants served written discovery on Plaintiffs for the first time in the case, but Plaintiffs refused to comply on the grounds that the July 16, 2008 Order foreclosed any further discovery requests by the parties. *See* Dkt. #89, at 2:11-12 ("The parties agree not to serve any requests for further non-expert discovery (whether written or deposition discovery)."). Defendants did not file a motion to compel.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#149 [term: 150/153/154/156]**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3528 PSG (FMOx) | Date | November 19, 2009 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

On May 8, 2009, Defendants filed an *ex parte* application to vacate the trial date on the grounds that a civil trial in this Court would interfere with Potashnik's defense in his impending criminal trial in Texas. *See* Dkt. #129, at 2:2-7 ("The trial in this matter is scheduled to begin on June 9, 2009 and is anticipated to last at least two (2) weeks. Not only will the trial of this cause [sic] overlap with Potashnik's criminal trial, it will also significantly interfere with Mr. Potashnik and his criminal defense counsel's ability to properly prepare Potashnik's defense to the government's claims."). On May 12, 2009, the Court granted Defendants' *ex parte* application.[1] The new scheduling order set the current trial date of February 9, 2010, but maintained the existing March 6, 2009 discovery cut-off date. *See* Dkt. #147. On June 21, 2009, approximately one month after the Court granted Defendants' *ex parte* relief, Potashnik pleaded guilty in the criminal case.

On September 25, 2009, Defendants filed the instant motions to conduct limited discovery and to file a motion to compel written discovery. Specifically, Defendants seek to depose numerous witnesses and request leave to file a motion to compel Plaintiffs' response to their January 30, 2009 interrogatories. These motions were filed more than five months after the April 6, 2009 motion filing cut-off date. *See* Dkt. #147.

II. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 6(b), the court may grant an extension of time if the moving party establishes good cause for the granting of the motion and excusable neglect for failing to act within the specified time period. *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). Extensions of time may be granted for discovery purposes. *See* 1 *Moore's Federal Practice*, § 6.06[4] (Matthew Bender 3d ed.) ("A party who needs additional time to comply with a demand for discovery may choose to apply for an extension under Rule 6(b) . . . .").

---

[1] Plaintiffs note that the judge presiding over the criminal case, District Judge Barbara M. G. Lynn, contacted this Court to request the continuance of the trial date. *See Giali Decl.* ¶ 21. Apparently, during a meet and confer session on September 9, 2009, defense counsel threatened to have Judge Lynn intervene again. *See id.* **The Court notes that any attempts to continue the February 2010 trial date, with or without the intervention of any judicial officer in the United States, would be futile.**

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#149 [term: 150/153/154/156]

CIVIL MINUTES - GENERAL

| Case No. | CV 07-3528 PSG (FMOx) | Date | November 19, 2009 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

In evaluating excusable neglect, the court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993); *see also Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n.4 (9th Cir. 1996).

III.     Discussion

Defendants move for (1) leave to conduct limited discovery after the March 6, 2009 discovery cut-off date and (2) leave to file a motion to compel written discovery after the April 6, 2009 motion filing cut-off date. Under Rule 6(b)(1)(B), Defendants bear the burden of establishing good cause in granting the motion and excusable neglect in failing to act within requisite time frame. Each motion will be resolved in turn.

     A.     Motion for Leave to Conduct Limited Discovery

In their motion to conduct limited discovery, Defendants argue that the Court has good cause to grant the motion and that they had excusable neglect for failing to conduct discovery during the discovery period, including their persistent failure to comply with court-ordered discovery. For the reasons that follow, Defendants have failed to justify the granting of their motion. Additionally, Defendants' neglect in failing to comply with court-ordered discovery was not excusable.

         1.     Good Cause

Defendants fail to present the Court with good cause for the re-opening of discovery. Defendants argue that they failed to conduct discovery and refused to respond to Plaintiffs' discovery requests due to Potashnik's concurrent criminal trial and the ongoing settlement negotiations. According to Defendants, participation in discovery would have constituted a waiver of Potashnik's Fifth Amendment rights, and Defendants were awaiting this Court's decision on their motion to stay pending resolution of the criminal case. However, the June 16, 2008 order compelling discovery—affirmed by this Court on June 30, 2008—clearly required Defendants to answer all discovery requests and attend all depositions, notwithstanding Potashnik's claims to privilege. *See* Dkt. #73, at 4:26-27. Defendants' violation of this court order undermines any purported good cause in granting the instant motion. Moreover, Defendants' purported reliance on settlement negotiations does not constitute good cause for

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#149 [term: 150/153/154/156]**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3528 PSG (FMOx) | Date | November 19, 2009 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

refusing to participate in discovery. The prospect of settlement did not excuse Defendants from conducting discovery on a parallel track and, especially, from complying with a court order.

Moreover, the broad and undefined scope of Defendants' request undermines their argument for good cause. Defendants seek the following discovery: "(1) Depositions of Defendants' representatives; (2) Deposition of Brian Potashnik; (3) Deposition of Cheryl Potashnik; (4) Deposition of John Jeter; (5) Deposition of Steve Cotton; (6) Deposition of Affordable Housing Construction's representative; [and] (7) Deposition(s) of Plaintiffs' corporate representative(s)." *See Mot.* 5:11-21. The Court finds it difficult to understand how such a broad and open-ended request can constitute "limited discovery." Functionally, Defendants' motion is a request for full discovery approximately eight months after the discovery cut-off date and a mere three months before trial. Plaintiffs' pending motion in limine seeking to bar the testimony of Defendants' witnesses was a foreseeable consequence of Defendants' actions. Defendants have failed to establish good cause warranting the extension of time to conduct discovery. Therefore, Defendants' motion for leave to conduct limited discovery is DENIED.

        2.        Excusable Neglect

As the Court finds no good cause warranting the granting of the motion, the Court need not consider Defendants' claims of excusable neglect. Nevertheless, the Court also finds that Defendants have failed to establish excusable neglect. In determining whether a party's failure to act constituted excusable neglect under Rule 6(b), the Court considers the following factors: (1) the reason for the delay and whether it was in the reasonable control of the moving party, (2) whether the moving party acted in good faith, (3) the length of the delay and its potential impact on the proceedings, and (4) the danger of prejudice to the nonmoving party. *See Pioneer*, 507 U.S. at 395.

First, Defendants' were able to conduct discovery prior to the July 16, 2008 Order but declined to do so. *See Izadi Decl.*, Ex. 1, at 26:12-16 ("[W]e were told flat out by defense counsel to do nothing . . . . We were perceiving a situation where we were damned if we do, damned if we don't."). Because Defendants voluntarily decided not to participate in discovery—in violation of a court order—this factor weighs against the granting of the extension.

Second, Defendants have failed to provide sufficient evidence of good faith. The claim that producing witnesses for deposition would waive Potashnik's Fifth Amendment rights is

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#149 [term: 150/153/154/156]**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3528 PSG (FMOx) | Date | November 19, 2009 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

disingenuous because the June 16, 2008 court order specified that Potashnik would be able to assert the Fifth Amendment privilege in responding to the discovery requests and deposition questions. *See* Dkt. #73, at 7:7-20 ("If defendant Potashnik seeks to assert the Fifth Amendment Privilege, he must provide enough information to demonstrate that answering the specific question would subject him to a reasonable possibility of criminal prosecution. . . . With respect to the corporate defendants, defendants must demonstrate that there is no authorized person, other than defendant Potashnik, who can respond to the discovery requests and/or deposition questions without the possibility of compulsory self-incrimination.").

Moreover, Defendants cannot argue that they failed to participate in discovery due to the settlement negotiations because any party engaged in settlement negotiations must entertain the possibility that the negotiations will prove unsuccessful and that the party will have to litigate the case. *See* 6 *Moore's Federal Practice*, § 29.02 (Matthew Bender 3d ed.) ("Absent [a court-approved] stipulation, parties must conduct discovery in compliance with the federal rules."). Although the parties may have been "working diligently to finalize the settlement terms," *Mot.* 8:22, they were not excused from working diligently to prepare this case for trial. Therefore, this factor weighs against the granting of the motion.

Third, Defendants' delay was substantial and their requested discovery would significantly affect the case. Defendants filed the instant motion nearly seven months after the March 6, 2009 close of discovery and over four months after Potashnik pleaded guilty in the criminal case—an event that negated Defendants' claim to privilege. Thus, even assuming the sincerity of Defendants' privilege concerns, Defendants could have requested limited discovery after Potashnik's guilty plea. Furthermore, as Plaintiffs note, the granting of Defendants' motion would produce the same result as if the Court had granted Defendants' February 15, 2008 motion to stay the case pending Potashnik's criminal case—a continuance of the trial date and a freeze on discovery. *See Opp.* 15:20-22. In addition to these problems, as discussed previously, Defendants' motion cannot truly be considered a request for "limited" discovery, and it would be very difficult for the parties to complete discovery before trial. Therefore, this factor weighs against the granting of the motion.

Fourth, Defendants do not provide sufficient evidence that the granting of the motion will not prejudice Plaintiffs. Defendants claim that further discovery will not require Plaintiffs to "expend any additional resources," *Mot.* 7:18-19, but if the motion were granted, Plaintiffs would have to prepare for multiple depositions in a compressed time frame. Moreover, Plaintiffs have been deprived of Defendants' deposition testimony during their preparation of the case over the past two years. For these reasons, this factor also weighs against the granting of the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#149 [term: 150/153/154/156]

CIVIL MINUTES - GENERAL

| Case No. | CV 07-3528 PSG (FMOx) | Date | November 19, 2009 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

motion. As all of the *Pioneer* factors weigh against Defendants' motion, the motion for leave to conduct limited discovery is also DENIED because Defendants fail to establish excusable neglect.

     B.     <u>Motion for Leave to File Motion to Compel Written Discovery</u>

Defendants move for leave to file a motion compelling Plaintiffs to respond to written interrogatories served on January 30, 2009. Defendants wish to file a motion to compel nearly seven months after the April 6, 2009 motion filing cut-off date. In order to prevail under Rule 6(b)(1)(B), Defendants must again establish good cause for the granting of the motion and excusable neglect for failing to file a motion to compel prior to the motion filing cut-off date. For the reasons that follow, Defendants have failed to satisfy their burden.

     1.     <u>Good Cause</u>

The Court lacks good cause in granting Defendants' motion because Defendants were not permitted to serve the January 30, 2009 interrogatories in the first place. The Court's extension of the discovery cut-off date to March 6, 2009 did not re-open discovery for requests that were not pending as of the July 16, 2008 Order. The Order stated that the "parties agree not to serve any requests for further non-expert discovery (whether written or deposition discovery)." Dkt. #89, at 2:11-12. Furthermore, the Order extended discovery for 30-days only as to "pending and currently noticed depositions." *Id.* Thus, as stipulated by the parties, the July 16, 2008 Order prohibited new discovery requests, and thus Defendants' January 30, 2009 interrogatories were untimely.

Defendants argue that the prohibition on new discovery was conditioned on the continuation of settlement negotiations, and that the parties were only prohibited from serving new requests while the settlement was being finalized. *See Mot.* 4:22-27 ("The stipulation provided that '[u]nless it becomes clear that the settlement is not going to be finalized or effectuated, the parties agree not to file any motions regarding discovery until after July 28, *and* the parties agree not to serve any request for further non-expert testimony.'" (emphasis added) (citing Dkt. #89)). However, Defendants misquote the Court's July 16, 2008 Order. *See* Dkt. #89 ("Unless it becomes clear that the settlement is not going to be finalized and effectuated, the parties agree not to file any motions regarding discovery or failure to comply with discovery until after July 28, 2008. *The parties agree not to serve any requests for further non-expert discovery (whether written or deposition discovery)*." (emphasis added)). The statement that the parties agreed not to serve new discovery requests was not part of the preceding sentence, which

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#149 [term: 150/153/154/156]

CIVIL MINUTES - GENERAL

| Case No. | CV 07-3528 PSG (FMOx) | Date | November 19, 2009 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

was conditioned on the parties' ability to finalize settlement. Thus, the parties were prohibited from serving new non-expert discovery requests after the date of the Order, even if settlement negotiations broke down.

This interpretation is supported by the Court's September 8, 2008 Order granting a four-month stay. According to this order, and as stipulated by the parties, any future schedules were to preserve the status quo as of August 1, 2008, including any outstanding discovery requests and court orders. *See* Dkt. #94 ("Any future trial date and procedural schedule in this case shall reflect the rights and obligations of the parties as of August 1, 2008, and in the event the stay is lifted and litigation proceeds, the parties shall be placed, as reasonably as possible, in the same positions vis-à-vis each other and the Court with respect to rights, obligations and Court orders, as existed on August 1, 2008."). As of August 1, 2008, the July 16, 2008 Order was in effect and prohibited new discovery requests.

Although the Court extended the discovery cut-off date to March 6, 2009, the parties were not permitted to serve new discovery requests that had not been made prior to the July 16, 2008 Order. As Defendants had not served any interrogatories prior to the Order, Defendants' January 30, 2009 interrogatories were untimely, and Plaintiffs were not required to respond. Therefore, Defendants have not provided good cause for an extension of time to permit Defendants to file a motion to compel. Because Defendants have failed to establish good cause Defendants' motion for leave to file a motion to compel is DENIED.

   2.  <u>Excusable Neglect</u>

Defendants have failed to establish good cause and this alone is sufficient to deny their motion. However, even if Defendants had provided good cause, they have failed to present sufficient evidence of excusable neglect for failing to file a motion to compel prior to the motion filing cut-off date of April 6, 2009. *See Pioneer*, 507 U.S. at 395 (1993). First, Defendants fail to offer an adequate reason for the delay. The pendency of settlement negotiations is an insufficient justification, for the same reasons discussed previously with regard to the motion for leave to conduct limited discovery. Second, the Court finds no evidence of good faith to explain the delay. A "good faith belief that the parties would finalize the February 16, 2009 settlement," *Mot.* 6:10-12, does not establish good faith for failing to comply with the Court's order establishing April 6, 2009 as the deadline for filing motions. Parties are required to parallel plan in anticipation of litigation, notwithstanding the possibility of settlement. Third, the delay in filing the instant motion was substantial, and Defendants' motion would lead to additional motion practice with trial only three months away. Fourth, and finally, Plaintiffs would be

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#149 [term: 150/153/154/156]**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3528 PSG (FMOx) | Date | November 19, 2009 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

prejudiced if they were required to respond to a motion to compel while preparing for trial. Therefore, Defendants' motion for leave to file a motion to compel is also DENIED for failure to establish excusable neglect.

IV.   Conclusion

   Based on the foregoing, the Court:

   1.   DENIES Defendants' Motion for Leave to Conduct Limited Discovery Out of Time; and

   2.   DENIES Defendants' Motion for Leave to File Motion to Compel Written Discovery.

   **IT IS SO ORDERED.**