O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#194**
**Jan. 25 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3528 PSG (FMOx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):    Attorneys Present for Defendant(s):

Not Present    Not Present

**Proceedings:   (In Chambers) Order Denying Defendants' Motion for Leave to File First Amended Answer**

Pending before the Court is Defendants' Motion for Leave to File First Amended Answer. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES Defendants' motion.

I.   Background

This matter concerns an attempt to amend the pleadings nearly two weeks before trial. The parties are familiar with the factual and procedural history of this case, but it is worth noting that the Court entered the following Scheduling Order on June 2, 2009:

| | |
|---|---|
| All Discovery Cut-Off | 03-06-09 |
| Motion Filing Cut-Off | 04-06-09 |
| Final Pretrial Conference (2:30 p.m.) | 01-25-10 |
| Jury Trial (9:00 a.m.) | 02-09-10 |

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#194**
**Jan. 25 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3528 PSG (FMOx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

*See* Dkt. #147.  Furthermore, prior to this Order, the Court established February 28, 2008 as the deadline for amending the pleadings.  *See* Dkt. #52.

On November 30, 2009, Defendant Brian Potashnik and Defendant companies (collectively, "Defendants") filed a Motion for Leave to File First Amended Answer to Plaintiffs' Complaint.  In particular, Defendants seek to include the following six affirmative defenses: the statute of limitations, equitable estoppel, promissory estoppel, quasi estoppel, ratification, and release.  *See Mot.* 3:1-14.  Plaintiffs National Corporate Tax Credit Funds III, IV, VI and VII, and National Corporate Tax Credit, Inc. III, IV, VI and VII (collectively, "Plaintiffs") filed a timely opposition to the motion.

II.    Legal Standard

At the early stages of litigation, a party that is ineligible to amend as a matter of course may amend the pleadings only after obtaining leave of the court or by consent of the adverse party.  *See* Fed. R. Civ. P. 15(a)(2).  The policy of Rule 15(a) "is to be applied with extreme liberality," *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted), and leave to amend should be "freely" granted "when justice so requires," Fed. R. Civ. P. 15(a)(2).  However, once a court enters a pretrial scheduling order, motions for leave to amend the pleadings are governed by Federal Rule of Civil Procedure 16.  *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

Under Rule 16, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for modifying the scheduling order.  *Id.* at 609 ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." (citation omitted)).  Upon a showing of "good cause," the party seeking amendment must then demonstrate that amendment is proper under Rule 15(a).  *See id.* at 607.

III.    Discussion

Defendants seek to amend their answer nearly two years after the deadline to amend the pleadings, *see* Dkt. #52, nine months after the deadline for filing motions, *see* Dkt. #147, and a mere two weeks before trial, *see id.*  For the following reasons, Defendants' motion must be

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#194**
**Jan. 25 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3528 PSG (FMOx) | Date | January 15, 2010 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

denied. First, Plaintiffs correctly argue that Defendants have failed to provide any evidence of "good cause," as required under Rule 16. Indeed, Defendants fail to even mention Rule 16 or its requirements in their motion or reply. The Court also wonders why Defendants waited until November 30, 2009 to file a motion to amend the answer when they included the proposed affirmative defenses in the May 11, 2009 pre-trial conference order. *See Izadi Decl.* ¶ 2 (citing Dkt. #134). Second, Plaintiffs would be prejudiced if Defendants were permitted leave to amend their answer at this late stage because Plaintiffs have been unable to conduct any discovery concerning the affirmative defenses. *See Opp.* 9:16-19. Third, the granting of the motion would likely necessitate a continuance of the February 9, 2010 trial date, as Defendants are surely aware. However, this Court's last Order put Defendants on notice that any attempts to continue this trial would prove futile. *See* Dkt. #192, at 3 n.1. Accordingly, the Court denies Defendants' motion.

IV.   Conclusion

　　　Based on the foregoing, the Court DENIES Defendants' Motion for Leave to File First Amended Answer.

　　　**IT IS SO ORDERED.**