**O**

LINK TO DOC. # 198

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-3528 PSG (FMOx) | Date | February 4, 2010 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(In Chambers) Order Granting Plaintiffs' Motion for Terminating Sanctions**

Pending before the Court is Defendants' Motion for Terminating Sanctions. A hearing on the motion was held on February 1, 2010. After considering the moving and opposing papers and the arguments presented at the hearing, the Court GRANTS the motion for terminating sanctions.

I.    Background

After more than three years of litigation, Plaintiffs National Corporate Tax Credit Funds III, IV, VI and VII, and National Corporate Tax Credit, Inc. III, IV, VI and VII (collectively, "Plaintiffs") seek to end this case without proceeding to trial due to their adversaries' persistent refusal to comply with discovery obligations. The parties are undoubtedly familiar with the facts of this case, but the Court will recount the history of discovery abuse that warrants the severe sanction requested in the motion.

Defendant Brian Potashnik ("Potashnik") is the sole owner of various defendant companies (together with Potashnik, "Defendants"), which from 1995 to 1998, entered into six partnerships with Plaintiffs to invest in low-income apartment complexes. Eventually, however, Plaintiffs sued Defendants for breach of these partnership agreements and related claims. Plaintiffs originally filed the action in March 2006 (CV 06-1818), but the parties voluntarily dismissed the case without prejudice in March 2007 to pursue settlement. *See Giali Decl.* ¶ 4.

**O**

LINK TO DOC. # 198

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3528 PSG (FMOx) | Date | February 4, 2010 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

After negotiations proved unsuccessful, Plaintiffs re-filed the case in May 2007. *See id.* After re-filing the case, Potashnik, his wife, Cheryl Potashnik, and others were indicted in the Northern District of Texas on September 27, 2007. *See Mot.* at 2:6-8. On March 10, 2008, Defendants filed an unsuccessful motion to stay the case pending the criminal proceedings. During this time, Plaintiffs served written discovery upon Defendants as well as deposition notices and subpoenas on three of the nine defendants (Potashnik, Southwest Housing Management Company, and Southwest Housing Development Company, Inc.) and three of their current and former employees (Cheryl Potashnik, John Jeter, and Steve Cotton). *See id.* at 2:16-18; *id.* at 2 n.2. Defendants did not respond to the written discovery and advised Plaintiffs that they "had no intent to respond or conduct depositions because of Fifth Amendment concerns [associated with the criminal proceedings pending in Texas]." *Id.* at 2:19-22.

On June 16, 2008, Magistrate Judge Fernando M. Olguin granted Plaintiffs' motion to compel ("the June 16, 2008 Order"), *see* Dkt. #73, and this Court denied Defendants' motion to review the June 16, 2008 Order, *see* Dkt. #84. Pursuant to the June 16, 2008 Order, Defendants were required to provide written responses to Plaintiffs' interrogatories and responsive documents to Plaintiffs' document requests. *See* Dkt. #73, at 6:20-7:4. Furthermore, the June 16, 2008 Order required that Defendants produce all deponents, specifying the procedure by which Defendants would be able to preserve any Fifth Amendment privileges. *See id.* at 7:5-20. Still, Defendants failed to comply with the court-imposed discovery deadlines.

On September 8, 2008, the Court ordered a stay in the case to permit a renewed settlement effort, but the Court explicitly preserved Defendants' discovery obligations under the June 16, 2008 Order in the event the stay was lifted. *See* Dkt. #94, at 1 (noting that any future trial schedule "shall reflect the rights and obligations of the parties as of August 1, 2008, and . . . the parties shall be placed, as reasonably as possible, in the same positions vis-à-vis each other and the Court with respect to rights, obligations and Court orders, as existed on August 1, 2008"). On February 4, 2009, after the stay was lifted, Plaintiffs re-served the discovery that was subject to the June 16, 2008 Order, and subsequently served additional deposition notices for Kirnwood Properties Corp., Texas Brook Properties Corp., Arlington Senior Housing Development Corp., and Affordable Housing Construction, Inc. *See Giali Decl.* ¶ 23. These depositions were scheduled for the week of February 23, 2009. *See id.* ¶ 24.

On February 10, 2009, Defendants served responses to Plaintiffs' interrogatories, *see id.* ¶ 28, but they were deficient in several respects, *see id.* ¶ 29, Ex. 10. During a meet and confer on

**O**

LINK TO DOC. # 198

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-3528 PSG (FMOx) | Date | February 4, 2010 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

February 13, 2009, Defendants promised to provide supplemental responses and document productions, and Defendants' counsel provided the following explanation for failing to cooperate fully in civil discovery:

> [A]s we advised [Plaintiffs' counsel], we were told flat out by [Potashnik's criminal] defense counsel to do nothing, and we advised the Court to do—then we advised the magistrate of the same. We were perceiving a situation where we were *damned if we do, damned if we don't.*

*See* Dkt. #129-4, at 26:12-16 (emphasis added).

At Defendants' request, Plaintiffs summarized the deficiencies in Defendants' interrogatory responses. *See Giali Decl.* ¶ 28, Ex. 10. In 330 of their answers, Defendants provide the following boilerplate response: "Defendant has previously produced documents in response to requests for production from which an answer may be derived, and therefore Defendant refers Plaintiff to those documents pursuant to Rule 33(d)." *See id.* ¶ 28, Ex. 7; *see also Mot.* 6:19-21 & n.4. Notably, these answers do not specify which "previously produced" documents would have provided the answers. *See* Fed. R. Civ. P. 33(d)(1).

During this time, the parties were still engaged in settlement negotiations. On February 16, 2009, the parties reached a settlement agreement, and Defendants deposited $800,000 in a client trust account maintained by Plaintiffs' counsel.[1] As the parties worked toward finalizing the February 16, 2009 settlement agreement, Plaintiffs extended the discovery deadline on a week-by-week basis. *See Giali Decl.* ¶ 30 (providing a list of 11 extensions). With the trial scheduled to begin in approximately two months, Plaintiffs informed Defendants that no further extensions would be granted, scheduled all depositions for the week of April 13, 2009, demanded the production of the general ledger accounting data for the years 1994 to 2002 in electronic form by April 8, 2009, and required adequate responses to the over 400 interrogatories previously served. *See id.* ¶ 31, Ex. 18. Plaintiffs even granted Defendants' request for an additional two-day extension "[a]s a good faith gesture on plaintiffs' part to provide additional time to execute the settlement." *Id.* ¶ 33, Ex. 17.

---

[1] Plaintiffs' counsel has yet to return the $800,000, which has become the subject of another case pending before this Court (CV 09-6181 PSG (FMOx)).

**O**

LINK TO DOC. # 198

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3528 PSG (FMOx) | | Date | February 4, 2010 |
|---|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | | |

Despite two months of extensions to accommodate the settlement negotiations, Defendants' counsel delivered the following e-mail message on the eve of the scheduled depositions in Texas:

> This email is to save you a trip to Dallas; *we will not be producing witnesses or written discovery tomorrow or the day after*. . . . If we do not have the case settled tomorrow, then we will provide discovery dates that we can meet but we must have the $800,000 returned promptly . . . .

*Id.* ¶ 34, Ex. 20 (emphasis added).

When Plaintiffs proceeded with the scheduled depositions on April 15, 2009, Defendants did not produce the deponents. *See id.* ¶ 37, Ex. 22 (Certificate of Nonappearance). During the deposition, Defendants' counsel stated:

> I'm going to confirm that defendants will not be producing the ten deponents set forth in Exhibit 2 on the grounds that *we have not prepared for such depositions*, and they will not be appear[ing] this week or next week.

*Id.* ¶ 38, Ex. 22, at 5:23-6:2 (emphasis added). On April 20, 2009, Defendants' counsel sent a letter to Plaintiffs' counsel stating:

> As for the discovery you have noticed and threatened my Clients with, we are not participating in any of the discovery you have noticed *or any future discovery you may intend to serve*.

*Id.* ¶ 35, Ex. 21, at 2 (emphasis added). On April 2, 2009, during a meet and confer, Plaintiffs "discussed with opposing counsel the fact that plaintiffs intended to bring a motion seeking sanctions, *including but not limited to terminating sanctions*, if defendants did not appear for depositions and comply with other discovery obligations." *Id.* ¶ 39 (emphasis added).

On May 8, 2009, Defendants filed an *ex parte* application to vacate the trial date on the grounds that continued civil litigation would interfere with the criminal proceedings in Texas. *See* Dkt. #129, at 2:2-7 ("The trial in this matter is scheduled to begin on June 9, 2009 and is anticipated to last at least two (2) weeks. Not only will the trial of this cause [sic] overlap with

**O**
LINK TO DOC. # 198

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3528 PSG (FMOx) | Date | February 4, 2010 |
|----------|----------------------|------|------------------|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

Potashnik's criminal trial, it will also significantly interfere with Mr. Potashnik and his criminal defense counsel's ability to properly prepare Potashnik's defense to the government's claims.").

On May 11, 2009, pursuant to their warning, Plaintiffs filed a Motion for Leave to File Motion for Terminating Sanctions (the deadline for filing motions having passed) along with a Motion for Terminating Sanctions, *see* Dkt. #133 & 137, but on the following day the Court granted Defendants' *ex parte* application, *see* Dkt. #140.[2]  On June 21, 2009, approximately one month after the Court granted the *ex parte* application for a continuance, Potashnik pleaded guilty in the criminal case.

To date, Defendants have (1) failed to produce for deposition a single defendant, a Rule 30(b)(6) designated witness, or any current or former employees, (2) failed to provide adequate and timely responses to Plaintiffs' interrogatories, and (3) failed to produce adequate responses to Plaintiffs' document requests.[3]  Defendants violated the June 16, 2008 Order in 51 discrete ways by refusing to produce six witnesses for deposition, failing to provide timely supplemental responses to 36 separate sets of interrogatories, and declining to produce responsive materials to nine document requests.  *See Reply* 16:17-22.  On December 7, 2009, Plaintiffs filed a Motion for Terminating Sanctions, requesting that the Court strike Defendants' Answer and enter default judgment subject to proof of damages.[4]  On January 11, 2010, Defendants filed an Opposition to Plaintiffs' First Amended Motion for Leave to Modify the Scheduling Order and File Motion for Terminating Sanctions, *see* Dkt. #213, which includes a substantial opposition to the Motion for Terminating Sanctions, *see id.* at 8-21.  This Opposition was followed by Plaintiffs' timely

---

[2] The Motion for Leave to File Terminating Sanctions was taken off calendar due to the continuance.  On June 1, 2009, the Court scheduled the Final Pretrial Conference for January 25, 2010 and the trial for February 9, 2010.  *See* Dkt. #147.

[3] On November 19, 2009, the Court denied Defendants' motions for leave to conduct discovery and leave to file a motion to compel written discovery due to the absence of good cause.  *See* Dkt. #192.

[4] Plaintiffs also filed an Amended Second Motion for Leave to File Motion for Terminating Sanctions, scheduled for hearing on the same day as the Motion for Terminating Sanctions, which the Court granted on January 25, 2010.

O
LINK TO DOC. # 198

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3528 PSG (FMOx) | Date | February 4, 2010 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

Reply in Support of: (i) Motion for Leave to File; and (ii) Motion for Terminating Sanctions.[5]

II.    Legal Standard

Under Federal Rule of Civil Procedure 37(b)(2), the Court may impose sanctions against a party that fails to comply with a court order, including "(iii) striking pleadings in whole or in part; . . . (v) dismissing the action or proceeding in whole or in part; [or] (vi) rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii)-(vi). These particular sanctions also apply when a party fails to disclose or supplement an earlier discovery response as required by Rule 26(a) or (e), and when a party fails to attend a deposition, serve answers to interrogatories, or respond to inspection requests. *See* Fed. R. Civ. P. 37(c)(1)(C) (noting that a court "may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)); Fed. R. Civ. P. 37(d)(3) (same).

The Court also has the inherent power to sanction a party for discovery abuse. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) ("There are two sources of authority under which a district court can sanction a party who has despoiled evidence: the inherent power of federal courts to levy sanctions in response to abusive litigation practices, and the availability of sanctions under Rule 37 . . . .").

III.    Discussion

Plaintiffs argue that Defendants' failure to comply with their discovery obligations was willful and that each of the five factors required for terminating sanctions is satisfied.

A.    Willfulness, Bad Faith, or Fault

As a preliminary matter, when a Court is considering terminating sanctions, the moving party must demonstrate the "willfulness, bad faith or fault" of the disobedient party. *See*

---

[5] Though Plaintiffs' Reply is in excess of the 12-page limit, *see Standing Order* ¶ 5(c), the Court considers the 24-page brief in its entirety because the Reply addresses two motions—a motion for leave and a motion for sanctions.

O
LINK TO DOC. # 198

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3528 PSG (FMOx) | Date | February 4, 2010 |
|----------|----------------------|------|------------------|

| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* |
|-------|--------------------------------------------------------------------------------------------|

*Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1340 (9th Cir. 1985) (citation omitted).  The requirement of "willfulness, bad faith or fault" is satisfied when the offending party engaged in "disobedient conduct not shown to be outside the control of the litigant."  *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (citing *Fjelstad*, 762 F.2d at 1341).  Delay, failure to appear for depositions, failure to answer interrogatories resulting from a party being out of town, and misunderstanding a party's own counsel are not matters outside of a party's control.  *See Henry*, 983 F.2d at 949.

Plaintiffs argue that Defendants were physically able to appear for deposition and to respond adequately to written discovery, but chose not to comply.  Plaintiffs also warned Defendants that failure to participate in discovery would result in a motion for terminating sanctions.  Thus, Defendants were on notice of their continued discovery obligations and the possible consequences of failing to comply.

In the Opposition, Defendants attest to their diligence during discovery.  They claim to have answered forty-five sets of discovery requests, served responses to the interrogatories, provided Amended Answers to all discovery requests, produced over 100,000 pages of documents, and offered to produce the requested deponents.[6]  *See Opp.* 17:16-20.  Defendants also argue that they had already produced hard copies of the 1994-2002 general ledger data during the prior 2006 action.  *See id.* at 16-17.  Although Defendants emphasize the few alleged glimmers of compliance and good faith, the Court must examine the willfulness of Defendants' *disobedience*.

Throughout this litigation, Defendants have offered three reasons for not producing witnesses for deposition.  First, Defendants have argued in the past that cooperation in discovery would have conflicted with the criminal proceeding in Texas.  However, as the June 16, 2008 Order clearly explained, Defendants were still obligated to produce witnesses for deposition in order to properly assert the Fifth Amendment privilege.  Wisely, Defendants do not repeat this

---

[6] Defendants claim that Plaintiffs "vehemently opposed" Defendants' offers to depose key witnesses, but Defendants cite only to Plaintiffs' Opposition to Defendants' Motion for Leave to Conduct Discovery Out of Time.  *See Opp.* 17:19-20 (citing Dkt. #168).  It was reasonable for Plaintiffs to oppose the motion at such a late stage in the litigation, and the Court denied the motion for the lack of good cause.

**O**

LINK TO DOC. # 198

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-3528 PSG (FMOx) | Date | February 4, 2010 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

argument in the Opposition to the Motion for Terminating Sanctions.

Second, Defendants argue that they refused to participate in discovery because the parties were attempting to finalize settlement. *See id.* 16:22-23. However, despite the prospect of settlement, Defendants were still obligated to participate in discovery. As the Court explained in the Order Denying Defendants' Motion for Leave to Conduct Limited Discovery Out of Time, settlement negotiations may always prove unsuccessful, as they did in this case, and in the absence of a court-approved stipulation, the "parties must conduct discovery in compliance with the federal rules." *See* Dkt. #192, at 6 (quoting 6 *Moore's Federal Practice*, § 29.02 (Matthew Bender 3d ed. 2009)).

Third, Defendants claim that they did not produce the deponents on April 15, 2009 because Plaintiffs refused to return the $800,000 settlement funds to Defendants. Plaintiffs had allegedly promised to return the funds if the settlement agreement was not finalized. However, Defendants do not provide any authority to justify the abuse of discovery or the violation of a court order as a means of securing performance of a contract.

Defendants' explanations for violating the Order do not undermine the Court's conclusion that Defendants *could have* (and should have) participated fully in discovery and in compliance with the June 16, 2008 Order. While Defendants attempt to trivialize its discovery abuses by claiming that "it is alleged that Defendants disobeyed *one initial* Court order," *see Opp.* 16:19-20 (emphasis added), the Order was violated repeatedly and voluntarily, *see Reply* 16:21-22 (noting that Defendants "have violated a detailed Court order, after lesser sanctions proved insufficient, and have violated it in multiple ways" (emphasis omitted)). Defendants decided to violate the June 16, 2008 Order to advance various strategic considerations, as discussed above, but this fact only bolsters the finding of willfulness. *See Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 771 (9th Cir. 1995) (finding that a party's "*calculated course of conduct*" was willful (emphasis added)). Accordingly, the Court concludes that Defendants' failure to comply with discovery obligations was willful.

B.    Factors for Terminating Sanctions

Upon a finding of "willfulness, bad faith, or fault," the Court must examine the following five factors to determine if terminating sanctions are warranted:

**O**

LINK TO DOC. # 198

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3528 PSG (FMOx) | Date | February 4, 2010 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its dockets;

(3) the risk of prejudice to the [party seeking sanctions];

(4) the public policy favoring disposition of cases on their merits; and

(5) the availability of less drastic sanctions.

*Valley Eng'rs, Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (citing *Malone v. U.S. Postal Serv.*, 883 F.2d 128, 130 (9th Cir. 1987)).  The risk of prejudice to the moving party and the availability of lesser sanctions are the most important factors.  *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) ("[T]he first two factors support sanctions and the fourth factor cuts against default.  Therefore, it is the third and fifth factors that are decisive."); *see also Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

Generally, in order to grant terminating sanctions, the Court must find at least four factors supporting dismissal or at least three factors "strongly" supporting such sanctions.  *See Faerfers v. Caviar Creator, Inc.*, No. 08-16339, 2009 WL 4912367, at *1 (9th Cir. Nov. 16, 2009) (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  However, "despite all this elaboration of factors, [the Ninth Circuit has] said that it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning."  *Valley Eng'rs*, 158 F.3d at 1507 (citing *Adriana*, 913 F.2d at 1413).

      1.    <u>Public Interest</u>

Plaintiffs argue that the public interest in the expeditious resolution of litigation favors the granting of terminating sanctions in this case.  Defendants do not contest this factor in the Opposition.  As noted by Plaintiffs, Defendants have filed "numerous procedural motions, which have delayed proceedings, including their application to extend the June 2008 trial date."  *Mot.* 13:4-6; *id.* at 13 n.8 (itemizing several motions).  Thus, the Court finds that the public interest weighs strongly in favor of terminating sanctions.

      2.    <u>Docket Management</u>

O
LINK TO DOC. # 198

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3528 PSG (FMOx) | Date | February 4, 2010 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

Plaintiffs argue that Defendants have impaired the Court's ability to manage its docket. Defendants do not contest this factor in the Opposition.  As noted previously, Potashnik pleaded guilty in his criminal case nearly a month after the Court granted Defendants' *ex parte* application for a continuance based upon representations made to the Court that a continuance was required for Potashnik to effectively defend himself in a two-week criminal *trial*.  In light of Defendants' successful attempts at prolonging this case—and their recent attempt at re-opening the discovery to force yet another continuance—the Court finds that Defendants' conduct "greatly impeded resolution of the case and prevented the [Court] from adhering to its trial schedule."  *Malone*, 833 F.2d at 128.  Accordingly, the Court's interest in the effective management of its docket weighs strongly in favor of terminating sanctions.

3.    Risk of Prejudice to Plaintiffs

In assessing the prejudice to the moving party, the Court examines whether Defendants' actions undermine Plaintiffs' "ability to go to trial or threaten to interfere with the rightful decision of the case."  *Faerfers*, 2009 WL 4912367, at *1 (citing *Malone*, 833 F.2d at 131). Plaintiffs argue that Defendants' discovery abuses have significantly prejudiced their ability to prepare for trial.  *See Mot.* 1:8-9 ("Due to defendants' refusals [to appear for a single deposition and comply with the June 16, 2009 Order], plaintiffs will face an all-but-insurmountable handicap at trial."); *id.* at 1:22-24 ("[A]ny sanctions limited to specific issues will be inadequate because defendants' blanket ban on discovery permeated every issue in the case.").

Specifically, Plaintiffs claim to have suffered prejudice in three ways that affect their ability to try this case.  First, Plaintiffs argue that they were unable to investigate completely the nature of their claims and the extent of their damages.  *See id.* at 14:8-11 ("Particularly, there may be additional injuries inflicted by Mr. Potashnik upon the partnership and limited partners that have not been discovered at all simply because defendants refuse to answer questions or open up their accounting data.").  Plaintiffs argue that Defendants' failure to appear for ten depositions, provide adequate responses to the interrogatories, and produce electronic accounting records "permeates every issue of the litigation and prevents plaintiffs from being able to present a complete case to the jury."  *Id.* at 14:12-15.

Second, Plaintiffs argue that Defendants' conduct has unnecessarily delayed the resolution of this case and that such delay necessarily prejudices their case because "[e]vidence becomes stale, witness memories fade and documents (still not produced by defendants) are

O
LINK TO DOC. # 198

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3528 PSG (FMOx) | Date | February 4, 2010 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

lost." *Id.* at 15:7-8. Plaintiffs further argue that this delay has likely compounded their injuries because Defendants have continued to operate the partnerships during the three years of litigation. *See id.* at 15:13-14 (claiming that "there is every potential that the abuses giving rise to this litigation continue unabated").

Third, Plaintiffs claim that the delay has contributed to increased litigation expenses and that Defendants' tactics have forced Plaintiffs' to waste valuable resources in preparing for depositions that never occurred. *See id.* at 15:15-21. Plaintiffs also claim they would be financially prejudiced by paying for a trial after Defendants have boycotted discovery.

In the Opposition, Defendants essentially try to argue that Plaintiffs have enough evidence to proceed with the trial. As Defendants note, Plaintiffs already had hard copies of the 1994-2002 general ledgers, and Plaintiffs did depose Richard Shaeffer, a non-expert accountant familiar with the partnerships. However, these arguments fail to account for Defendants' refusal to present witnesses for ten depositions and to adequately respond to Plaintiffs' interrogatories as required by court order. Furthermore, to account for Plaintiffs' concerns, Defendants claim to have since provided "additional financial documents." *See Izadi Decl.* ¶ 19. However, this supplemental production was made *after* Plaintiffs filed the Second Motion for Leave to File Motion for Terminating Sanctions. Plaintiffs argue that this "document dump" has prejudiced Plaintiffs as they must sort through the documents while preparing for trail. *See Reply* 14 n.9. Indeed, the Ninth Circuit has held that "[b]elated compliance with discovery orders does not preclude the imposition of sanctions," *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (quoting *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986)), and that the "[l]ast minute tender of documents does not cure the prejudice to opponents nor does it restore to other litigants on a crowded docket the opportunity to use the courts," *id.* (citing *G-K Props. v. Redevelopment Agency*, 577 F.2d 645, 647-48 (9th Cir. 1978)).

Plaintiffs have prepared as completely as possible for trial—as evidenced by the seven witnesses identified in the Witness List (Dkt. #117) and the evidence listed in the Joint Trial Exhibit List (Dkt. #116)—but the Court does not hold these efforts against Plaintiffs. Though Plaintiffs may be able to present a case at trial, it would not be their best case. Moreover,

**O**

LINK TO DOC. # 198

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-3528 PSG (FMOx) | Date | February 4, 2010 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

Defendants assert eleven affirmative defenses in the Answer,[7] and based upon the lack of adequate discovery in this case, "Plaintiffs have no warning of what to expect from defendants' testimony, no ability to support their case with evidence in defendants' possession, no understanding of defendants' boilerplate affirmative defense[s], or what additional wrongdoing defendants committed." *Mot.* 14:5-8; *see also Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 525 (9th Cir. 1997) ("We have no difficulty concluding that Stars was prejudiced by Hwang's reluctance to be deposed. Hwang's answer to Stars' complaint raised several affirmative defenses. We agree with Stars that these defenses could not properly be addressed without the benefit of Hwang's deposition testimony."); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166-67 (noting that a defendant was prejudiced where the plaintiffs "continually ignored scheduled depositions, [and where] the district court found that appellees faced a fast approaching court date, a lack of crucial information, and an inability to construct a defense"). For these reasons, the Court finds that Plaintiffs would be prejudiced if terminating sanctions were not issued in this case. Therefore, this factor weighs strongly in favor of terminating sanctions.

### 4.    Public Policy in Favor of Disposition on the Merits

Although this factor generally militates against granting terminating sanctions, *see Adriana*, 913 F.2d at 1412, Plaintiffs argue that even this factor favors the granting of their motion because Defendants' conduct has impaired the Court's ability to resolve this case on the merits, *see Mot.* 16:1-5; *see also Constr. Laborers Trust Funds for S. Cal. Admin. v. Rosal*, No. 07-6508, 2008 WL 4500757, at *3 (C.D. Cal. Oct. 6, 2008). Defendants do not contest this factor.

The fourth factor does not weigh against terminating sanctions when the offending party fails to comply with discovery obligations in a way that prevents the case from moving toward a resolution on the merits. *See Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006) ("[T]he district court acknowledged that disposition should be on the

---

[7] Defendants assert the affirmative defenses of (1) failure to state a claim upon which relief can be granted, (2) laches, (3) estoppel, (4) waiver, (5) ratification, (6) failure to mitigate damages, (7) unclean hands, (8) lack of causation, (9) fraud attributable to Plaintiffs or other persons, (10) superseding or intervening causes, and (11) novation. *See Answer* 11-12.

O

LINK TO DOC. # 198

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-3528 PSG (FMOx) | Date | February 4, 2010 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

merits, but found that in light of the inability of many of the named plaintiffs to provide any information that only they possessed regarding the critical elements of their claims, it was impossible to dispose of the case on the merits."); *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996) ("The overwhelming weight of the factors supporting dismissal overcomes the policy favoring disposition of cases on their merits. But even that policy lends little support to appellants, *whose total refusal to provide discovery obstructed resolution of their claims on the merits*." (emphasis added)). As Plaintiffs have been deprived of critical depositions, responsive documents, and adequate written discovery, the Court concludes that the resolution of this case by a jury would not be on the merits. Therefore, this factor favors terminating sanctions.

5.      Efficacy of Lesser Sanctions

While examining alternative sanctions, the Ninth Circuit considers the following three factors: "whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal [or default]." *Valley Eng'rs*, 158 F.3d at 1507 (citing *Malone*, 833 F.2d at 132).

a.      Alternative Sanctions

Prior to the granting of terminating sanctions, the Court should discuss alternative sanctions and explain why they would not be reasonable. *See U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 604 (9th Cir. 1988) ("[T]he district court is generally required to discuss alternative sanctions; but in exceptional cases, where it is clear that no other alternative would have been reasonable, we may affirm a dismissal or default judgment despite the absence of such a discussion" (citing *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 381 (9th Cir. 1988)). Where a party, as in this case, "has purposefully and defiantly violated a court order, it is unnecessary (although still helpful) for a district court to discuss why alternatives to dismissal are infeasible." *Malone*, 833 F.2d at 132. Thus, the Court considers the appropriateness of alternative sanctions in this case.[8]

--------

[8] Alternative sanctions include "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured[,] . . . preclusion of claims or defenses, or the imposition of fees and costs

O

LINK TO DOC. # 198

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-3528 PSG (FMOx) | Date | February 4, 2010 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

In this case, Defendants have identified some alternatives to terminating sanctions, including fines, attorneys' fees, and a jury instruction. *See Opp.* 19:25-27. Defendants specifically argue that monetary sanctions would be appropriate if the Court decides to impose sanctions under Rule 37. *See id.* at 20:21-22. However, monetary sanctions have already been tried in this case; the June 16, 2008 Order awarded attorneys' fees to Plaintiff. *See* Dkt. #73, at 6:3-4. Furthermore, the other sanctions identified by Defendants would not adequately mitigate the prejudice Plaintiffs have suffered in trying to prepare their case.

On the more severe end of the spectrum, Plaintiffs have presented their own alternative sanction in the form of Plaintiffs' Motion *in Limine* No. 1—witness and issue preclusion with an adverse inference instruction to the jury. However, the Court finds that this sanction is inadequate. As argued by Plaintiffs in the Motion *in Limine* No. 1, "[P]laintiffs will be substantially prejudiced even if this motion *in limine* is granted in full." *Mot. in Limine No. 1*, at 4 n.1. As discussed previously, Plaintiffs would still have to proceed with the expense and uncertainty of trial despite being deprived of adequate discovery. *See Mot.* 17:5-8. For these reasons, the Court finds that alternative sanctions would be inadequate in this case.

### b. Past Sanctions

Lesser sanctions have been tried in this case, putting Defendants on notice that their persistent discovery abuses and violations of court-ordered discovery would result in serious consequences. As noted by Plaintiffs, the June 16, 2008 Order included a monetary sanction. *See* Dkt. #73, at 6:3-4 ("Accordingly, the court will award sanctions in the amount of $4,462."); *see also Malone*, 833 F.2d at 132 n.1 ("Alternative sanctions include . . . the imposition of costs or attorney fees . . . ."). Furthermore, the Order warned that blanket assertions of the Fifth Amendment privilege in violation of the Order may result in the assignment of a special master with costs imposed on Defendants. *See id.* at 5 n.4. Despite a court-order, a monetary sanction, and this Court's denial of Defendants' motion for review of the June 16, 2008 Order, Defendants refused to produce witnesses for deposition or provide adequate responses to Plaintiffs' interrogatories and document requests. In light of Defendants' record of defying the June 16, 2008 Order and Plaintiffs' numerous discovery requests, further sanctions would not have

upon plaintiff's counsel." *Malone*, 833 F.2d at 132 n.1 (alterations in original) (listing the alternative sanctions in the dismissal context).

**O**
LINK TO DOC. # 198

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3528 PSG (FMOx) | Date | February 4, 2010 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

induced compliance.

         c.     <u>Warning</u>

      While a failure to warn has been a contributing factor in Ninth Circuit decisions to reverse grants of terminating sanctions, warnings are not required in "egregious circumstances." *See Malone*, 833 F.2d at 132. In *Malone*, for example, the Ninth Circuit did not require a prior warning where the district court, as in this case, warned the offending party that "no continuances would be accepted" and where such a warning would have been unnecessary to promote compliance. *See* 833 F.2d at 133.

      In another case, *Commodity Futures Trading*, the Ninth Circuit affirmed a district court's entry of establishment sanctions under Rule 37(b)(2(A)(i)—a sanction that takes the plaintiff's allegations as established and awards judgment on that basis—even though the court did not warn the defendants of the possibility of the sanction. *See* 67 F.3d 766 (9th Cir. 1995). In that case, the defendants persistently failed to comply with discovery orders. The Ninth Circuit held that the defendants should not have been surprised with the sanction because, when seeking the original order to compel and monetary sanction, the plaintiff "explicitly expressed its intention to seek more severe sanctions, including default judgment, if [the defendants] failed to comply with the court's discovery order." *See id.* at 771-72 (citing *Adriana*, 913 F.2d at 1413 (noting that a warning is not required where the offending party would not be surprised with the sanction)). Additionally, the Ninth Circuit found that the defendants' conduct was sufficiently egregious because the defendants refused to comply with the court order, failed to pay the monetary sanction, and engaged in other "dilatory tactics." *See id.*

      As in *Commodity Futures*, Defendants' conduct has been egregious, and they should not be surprised by the imposition of terminating sanctions. Just as the plaintiff in *Commodity Futures* warned the defendants of the possibility of severe Rule 37 sanctions, Plaintiffs in this case warned defense counsel during a meet and confer that Plaintiffs planned on filing a motion for terminating sanctions if Defendants did not appear for depositions and otherwise comply with the court-ordered discovery. *See Giali Decl.* ¶ 39. Furthermore, Plaintiffs filed an earlier Motion for Leave to File Motion for Terminating Sanctions on May 11, 2009, *see* Dkt. #133, which surely placed Defendants on notice of the possibility of terminating sanctions. Moreover, as in *Commodity Futures*, Defendants have engaged in dilatory tactics intended to frustrate the resolution of this case. *See* Dkt. #192, at 3 n.1 ("The Court notes that any attempts to continue

O

LINK TO DOC. # 198

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-3528 PSG (FMOx) | Date | February 4, 2010 |
|---|---|---|---|
| Title | National Corporate Tax Credit Funds III, IV, VI, VII *et al.* v. Brian Potashnik *et al.* | | |

the February 2010 trial date . . . would be futile."). For these reasons, the Court finds that alternative sanctions do not weigh against terminating sanctions in this case.

    C.    <u>Conclusion</u>

    The Court finds that Defendants willfully failed to comply with their discovery obligations. Additionally, the Court finds that each of the five factors favors terminating sanctions in this case. While the Court acknowledges the severity of the sanctions requested in Plaintiffs' motion, the Court GRANTS Plaintiffs' Motion for Terminating Sanctions in order to prevent further prejudice to Plaintiffs and to promote the policies underpinning Rule 37(b).

IV.    <u>Conclusion</u>

    Based on the foregoing, the Court:

    1.    GRANTS Plaintiffs' Motion for Terminating Sanctions; and

    2.    STRIKES Defendants' Answer (Dkt. #28).

    The clerk is directed to enter default against Defendants.

    **IT IS SO ORDERED.**